UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARA OTRUSINA,

    Plaintiff,

v.                                                         Case No. 09-12828

CHRIS CRYSLER, et al.,                HONORABLE AVERN COHN

    Defendants.

_____/

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. No. 55)
AND
GRANTING IN PART AND DENYING IN PART DEFENDANT CARUSO AND
McDANIEL'S MOTION FOR SUMMARY JUDGMENT (Doc. No. 37)
AND
GRANTING IN PART AND DENYING IN PART DEFENDANTS CHRYSLER,
WASHINGTON, SANDERS, CHAPMAN, GODWIN, WATSON NAD VALLIE'S
MOTION FOR SUMMARY JUDGMENT (Doc. No. 46)</u>**

I.

This is a <u>pro se</u> prisoner civil rights case. Plaintiff, an inmate in the custody of the Michigan Department of Corrections, asserts claims under 42 U.S.C. § 1983 for violation of her constitutional rights under the Eighth and Fourteenth Amendments. Broadly stated, plaintiff's claims relate to a medical detail she has had since 1992 following a closed head injury. The medical detail allows plaintiff to possess specialized equipment, including computer and related equipment. Defendants are:

    Michigan Department of Corrections (MDOC) Director Patricia Caruso;

    Heidi Washington, Warden at the Scott Correctional Facility during the relevant
    time period;

    Chris Crysler, Acting Deputy Warden;

Annae Sanders, Deputy Warden;

Elvira Chapman, Assistant Resident Unit Supervisor;

Tonya Watson, Resident Unit Manager;

Dr. Vijaya Mamidipaka;

Inspector Larry Goodwin;

Corrections Officer Barbara McDaniel;

Huron Valley Complex Deputy Warden Carol Vallie

The matter was referred to a magistrate judge for all pretrial proceedings. Defendants Caruso and McDaniel file a motion for summary judgment. Defendants Crysler, Washington, Sanders, Chapman, Godwin,. Watson, and Vallie filed a separate motion for summary judgment.[1] The magistrate judge issued a Report and Recommendation (MJRR) recommending that the motions be granted in part and denied in part. Specifically, the magistrate judge recommends the following:

> 1. Plaintiff's claims against defendants Caruso, Washington, Sanders, and Goodwin based on plaintiff's failure to allege their personal involvement be dismissed
>
> 2. Plaintiff's due process claims relating to the confiscation or destruction of her property be dismissed
>
> 3. Plaintiff's request for emotional distress damages be dismissed
>
> 4. Plaintiff's claims against defendants in their official capacities be dismissed.
>
> 5. Plaintiff's deliberate indifference claims against the defendants Crysler, McDaniel, Chapman, Mamidipaka, and Vallie in their individual capacities relating to their alleged interference with or confiscation of property required by her medical needs and allegedly improper amendment of her medical details continue.

---

[1] Defendant Mamidipaka has not been served or otherwise appeared in the case.

Before the Court are plaintiff's objections to the MJRR.[2] For the reasons that follow, the objections will be overruled, the MJRR will be adopted, and defendants' motions for summary judgment will be granted in part and denied in part.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge. Id. The requirement of de novo review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure." United States v. Shami, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge. An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context. Howard v. Sec'y of Health and Human Servs., 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

---

[2]Defendants have not objected to the MJRR; the time for filing objections has passed.

III.

Plaintiff first objects to "procedural errors" in the MJRR. She first says that the MJRR at page 3 identifies a Campbell and Martin as defendants but says they are not defendants. Plaintiff is correct. The MJRR should state that Campbell is an "Inspector" and Martin is a "Captain." They are not defendants. The MJRR is amended accordingly. Plaintiff also says that the MJRR at page 7 states that she has treated with a Dr. Greenburg since 1992; however, plaintiff says she has only saw Dr. Greenburg in 2007. The MJRR is amended accordingly. The final error plaintiff identifies pertains to the magistrate judge's characterization of a July 26, 2008 letter to Caruso. The Court finds no error in the MJRR regarding the description of this letter.

Plaintiff's only substantive objection relates to the magistrate judge's recommendation that her due process claim, based on a deprivation of her property. The magistrate judge says that this claim should be dismissed because there are adequate state procedures through the Michigan grievance system for redressing the alleged deprivation. In her objections, plaintiff does not disagree with the law, but says that due to the nature of her closed head injury, she should not be bound to know or understand the available procedures. This objection lacks merit. Plaintiff's alleged inability to avail herself of the post-deprivation procedures does not mean the procedures are inadequate.

IV.

Accordingly, the MJRR is ADOPTED as the findings and conclusions of the Court, as supplemented above. Defendant's motions for summary judgment are GRANTED IN PART AND DENIED IN PART.

4

Plaintiff's claims against defendants Caruso, Washington, Sanders, and Goodwin are DISMISSED based on plaintiff's failure to allege their personal involvement.

Plaintiff's due process claims relating to the confiscation or destruction of her property is DISMISSED.

Plaintiff's request for emotional distress damages is DISMISSED.

Plaintiff's claims against defendants in their official capacities are DISMISSED.

Finally, plaintiff's deliberate indifference claims against defendants Crysler, McDaniel, Chapman, Mamidipaka, and Vallie in their individual capacities relating to their alleged interference with or confiscation of property required by her medical needs and allegedly improper amendment of her medical details continue.

SO ORDERED.

    S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE

Dated: September 16, 2010

I hereby certify that a copy of the foregoing document was mailed to Sara Otrusina, Huron Valley Complex - Women's, 3201 Bemis Road, Ypsilanti, MI, 48197 and attorneys of record on this date, September 16, 2010, by electronic and/or ordinary mail.

    S/Shawntel Jackson
Relief Case Manager, (313) 234-5160