UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SARA OTRUSINA,

        Plaintiff,

v.                                                 Case No. 09-12828

CHRIS CHRYSLER, et al.,             HONORABLE AVERN COHN

        Defendants.

_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION (Doc. 69) AND GRANTING DEFENDANTS CRYSLER, McDANIEL, CHAPMAN, AND VALLIE'S MOTION FOR SUMMARY JUDGMENT (Doc. 59)

I.

      This is a pro se prisoner civil rights case.  Plaintiff, an inmate in the custody of the Michigan Department of Corrections, asserts claims under 42 U.S.C. § 1983 for violation of her constitutional rights under the Eighth and Fourteenth Amendments. Broadly stated, plaintiff's claims relate to a medical detail she has had since 1992 following a closed head injury.  The medical detail allows plaintiff to possess specialized equipment, including computer and related equipment.  Plaintiff filed suit against the following defendants:

      Michigan Department of Corrections (MDOC) Director Patricia Caruso;

      Heidi Washington, Warden at the Scott Correctional Facility during the relevant time period;

      Chris Crysler, Acting Deputy Warden;

      Annae Sanders, Deputy Warden;

Elvira Chapman, Assistant Resident Unit Supervisor;

Tonya Watson, Resident Unit Manager;

Dr. Vijaya Mamidipaka;[1]

Inspector Larry Goodwin;

Corrections Officer Barbara McDaniel;

Huron Valley Complex Deputy Warden Carol Vallie

The matter was referred to a magistrate judge for all pretrial proceedings.

Defendants Caruso and McDaniel filed a motion for summary judgment.  Defendants Crysler, Washington, Sanders, Chapman, Godwin, Watson, and Vallie filed a separate motion for summary judgment.  The magistrate judge issued a Report and Recommendation (MJRR) recommending that the motions be granted in part and denied in part.  Specifically, the magistrate judge recommended the following:

> 1.  Plaintiff's claims against defendants Caruso, Washington, Sanders, and Goodwin based on plaintiff's failure to allege their personal involvement be dismissed
> 2.  Plaintiff's due process claims relating to the confiscation or destruction of her property be dismissed
> 3.  Plaintiff's request for emotional distress damages be dismissed
> 4.  Plaintiff's claims against defendants in their official capacities be dismissed.
> 5.  Plaintiff's deliberate indifference claims against the defendants Crysler, McDaniel, Chapman, Mamidipaka, and Vallie in their individual capacities relating to their alleged interference with or confiscation of property required by her medical needs and allegedly improper amendment of her medical details continue.

Plaintiff objected.  The Court overruled plaintiff's objections, adopted the MJRR, and granted in part and denied in part the motions.  See Doc. 58.

---

[1]On October 28, 2010, the magistrate judge directed service on defendant Mamididpake.  To date, he has not responded to the complaint and it is unclear whether service has been effectuated.

Thereafter, defendants Crysler, McDaniel, Chapman, and Vallie filed a second motion for summary judgment.  Doc. 59.  Plaintiff responded to the motion.  Docs. 66, 67.  The magistrate judge issued a MJRR recommending that defendants' motion be granted.

## II.

Plaintiff has not objected to the MJRR and the time for filing objections has passed.  The failure to file objections to the MJRR waives any further right to appeal. Smith v. Detroit Federation of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to the MJRR releases the Court from its duty to independently review the motions.  Thomas v. Arn, 474 U.S. 140, 149 (1985). However, the Court has reviewed the MJRR and agrees with the magistrate judge.

## III.

Accordingly, the findings and conclusions of the magistrate judge are ADOPTED as the findings and conclusions of the Court.  Defendants' motion for summary judgment is GRANTED.[2]

SO ORDERED.


Dated:  September 8, 2011                 S/Avern Cohn _____
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE


_____

[2]As noted above, the only remaining defendant is Mamididpake.

**09-12828 Otrusina v. Chrysler, et al**
**Order Adopting R&R, etc.**

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to Sara Otrusina, 218362, Huron Valley Complex - Women's, 3201 Bemis Road, Ypsilanti, MI 48197 and the attorneys of record on this date, September 8, 2011, by electronic and/or ordinary mail.

S/Julie Owens
Case Manager, (313) 234-5160