UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARA OTRUSINA,

    Plaintiff,

v.                                                    Case No. 09-12828

CHRIS CHRYSLER, et al.,            HONORABLE AVERN COHN

    Defendants.

_____/

## ORDER OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 75)

I.

This is a pro se prisoner civil rights case. Plaintiff, an inmate in the custody of the Michigan Department of Corrections, asserts claims under 42 U.S.C. § 1983 for violation of her constitutional rights under the Eighth and Fourteenth Amendments. Broadly stated, plaintiff's claims relate to a medical detail she has had since 1992 following a closed head injury. The medical detail allows plaintiff to possess specialized equipment, including computer and related equipment. Plaintiff filed suit against the following defendants:

    Michigan Department of Corrections (MDOC) Director Patricia Caruso;

    Heidi Washington, Warden at the Scott Correctional Facility during the relevant time period;

    Chris Crysler, Acting Deputy Warden;

    Annae Sanders, Deputy Warden;

    Elvira Chapman, Assistant Resident Unit Supervisor;

Tonya Watson, Resident Unit Manager;
Dr. Vijaya Mamididpake;[1]

Inspector Larry Goodwin;

Corrections Officer Barbara McDaniel;

Huron Valley Complex Deputy Warden Carol Vallie

The matter was referred to a magistrate judge for all pretrial proceedings. Eventually, defendants Crysler, McDaniel, Chapman, and Vallie filed a second motion for summary judgment. Doc. 59. Plaintiff responded to the motion. Docs. 66, 67. The magistrate judge issued a report and recommendation (MJRR), recommending that defendants' motion be granted. Doc. 69.

Plaintiff did not timely file objections to the MJRR. Accordingly, the Court adopted the MJRR and granted defendants' motion, leaving Mamididpake as the sole defendant. Doc. 70. Thereafter, plaintiff filed a motion for reconsideration, Doc. 73, contending that she did not receive a copy of the MJRR. The Court granted the motion and allowed plaintiff to file any objections by October 27, 2011. Doc. 74. Before the Court are plaintiff's objections to the MJRR, which are signed and dated October 27, 2011. Doc. 75.

II.

A district court must conduct a de novo review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or

---

[1] As previously noted, on October 28, 2010, the magistrate judge directed service on defendant Mamididpake. To date, he has not responded to the complaint and it is unclear whether service has been effectuated.

recommendations made by the magistrate" judge.  <u>Id</u>.  The requirement of <u>de novo</u> review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  <u>United States v. Sami</u>, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  <u>Howard v. Sec'y of Health and Human Servs.</u>, 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

III.

Plaintiff first makes non-substantive objections to the MJRR.  First, she says that the MJRR at page 3 incorrectly identified Campbell and Martin as defendants when describing the procedural background, particularly letters plaintiff wrote to Campbell and Martin regarding her medical detail.  While plaintiff is correct that Campbell and Martin are not defendants, she does not explain how the description of them as defendants affects the magistrate judge's conclusion on the substantive of her claim.  Second, plaintiff says that the magistrate judge wrote on page 7 that plaintiff saw Dr. Greenburg in 1992, when plaintiff actually saw him in 2007.  Again, assuming plaintiff is correct, she fails to explain how correcting this error renders the magistrate judge's analysis

3

flawed.  Overall, these objections do not carry the day for plaintiff.[2]

Plaintiff also objects to the magistrate judge's conclusion that she has failed to establish liability on her claim, i.e. that defendants acted with deliberate indifference to a serious medical need.  Having reviewed plaintiff's argument, the Court is satisfied that the magistrate judge did not err in concluding that plaintiff has not made out a viable claim against defendants.

Finally, plaintiff says that defendant Watson remains a defendant in the case.  Plaintiff is mistaken.  The docket sheet shows that on January 20, 2010, an assistant attorney general entered an appearance on behalf of Watson.  Doc. 44.  Watson was also a moving party on defendants' motion for summary judgment.  Doc. 46.  The Court dismissed Watson in its order adopting the MJRR and granting in part and denying in part defendants' summary judgment motion.  Doc. 58.

SO ORDERED.

Dated:  November 28, 2011         S/Avern Cohn
                                  AVERN COHN
                                  UNITED STATES DISTRICT JUDGE


I hereby certify that a copy of the foregoing document was mailed to Sara Otrusina, 218362, Huron Valley Complex - Women's, 3201 Bemis Road, Ypsilanti, MI 48197 and the attorneys of record on this date, November 28, 2011, by electronic and/or ordinary mail.

                                  S/Julie Owens
                                  Case Manager, (313) 234-5160

---

[2]Plaintiff made these same procedural objections in objecting to defendants' first summary judgment motion.  The Court considered these objections in its order adopting the MJRR, Doc. 58, and amended the MJRR accordingly.  While these essentially clerical errors were carried over in the present MJRR, the Court sees no need to amend the MJRR.