UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SARA OTRUSINA,

    Plaintiff,

v.                                                      Case No. 09-12828

CHRIS CHRYSLER, et al.,                   HONORABLE AVERN COHN

    Defendants.

_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS (Doc. 99)**
**AND**
**ADOPTING REPORT AND RECOMMENDATION (Doc. 98)**
**AND**
**GRANTING TONYA WATSON'S MOTION FOR SUMMARY JUDGMENT (Doc. 91)**
**AND**
**DISMISSING CASE**

I. Introduction

This is a pro se prisoner civil rights case. Plaintiff, an inmate in the custody of the Michigan Department of Corrections, asserts claims under 42 U.S.C. § 1983 for violation of her constitutional rights under the Eighth and Fourteenth Amendments. Broadly stated, plaintiff's claims relate to a medical detail she has had since 1992 following a closed head injury. The medical detail allows plaintiff to possess specialized equipment, including computer and related equipment. As will be explained, the only claim which remains for resolution is an Eighth Amendment claim against Tonya Watson, a Resident Unit Manager. Watson filed a motion for summary judgment. The magistrate judge issued a report and recommendation (MJRR), recommending that the

motion be granted. Before the Court are plaintiff's objections to the MJRR. For the reasons that follow, the objections will be overruled, the MJRR will be adopted, Watson's motion for summary judgment will be granted, and the case will be dismissed.

## II. Background

### A.

The case has a rather long and complicated procedural history, which is displayed in relevant part below.

- On July 17, 2009, plaintiff filed a lengthy complaint against the following ten (10) defendants:

    Patricia Caruso, Director of the Michigan Department of Corrections;

    Heidi Washington, Warden at the Scott Correctional Facility during the relevant time period;

    Chris Crysler, Acting Deputy Warden;

    Annae Sanders, Deputy Warden;

    Elvira Chapman, Assistant Resident Unit Supervisor;

    Tonya Watson, Resident Unit Manager;

    Dr. Vijaya Mamidipaka;

    Larry Goodwin, Inspector;

    Barbara McDaniel, Corrections Officer; and

    Carol Vallie, Huron Valley Complex Deputy Warden

- On August 25, 2009, the undersigned referred all pretrial matters to the magistrate judge. (Doc. 8).

- On January 5, 2010, Caruso and McDaniel filed a motion for summary judgment. (Doc. 37).

- On February 5, 2010, Vallie, Crysler, Washington, Sanders, Chapman, Watson

and Godwin filed a motion for summary judgment (Doc. 46).

- On July 29, 2010, the magistrate judge issued a report and recommendation (MJRR). (Doc. 55). The magistrate judge recommended that Caruso, Washington, Sanders and Godwin be dismissed for lack of personal involvement. The magistrate judge recommended that summary judgment be denied on plaintiff's Eighth Amendment claims against Chrysler, McDaniel, Chapman, and Vallie. The magistrate judge also recommended that plaintiff's due process claims, claims for emotional distress damages, and official capacity claims against all defendants be dismissed. Finally, the magistrate judge noted plaintiff's claims against Mamidipaka remain as he had not been served. The magistrate judge did not address plaintiff's Eighth Amendment claim against Watson and did not specifically recommend any action with respect to this claim.

- Plaintiff objected to the MJRR. (Doc. 56). In her objections, plaintiff did not mention that the magistrate judge failed to consider her Eighth Amendment claim against Watson. Additionally, counsel for Watson did not file objections regarding this or otherwise ask the Court to clarify the status of plaintiff's Eight Amendment claim against Watson.

- On September 16, 2012, the Court adopted the MJRR. (Doc. 58). This left plaintiff's Eighth Amendment claims Chrysler, McDaniel, Chapman and Vallie and plaintiff's claims against Mamidipaka. The Court, like the magistrate judge, did not address Watson's argument as to plaintiff's Eighth Amendment claim. As such, that claim against Watson also remained, albeit silently, in the case.

- On September 28, 2010, Crysler, McDaniel, Chapman, and Vallie filed a second motion for summary judgment. (Doc. 59). Watson did not join in that motion.

- On August 10, 2011, the magistrate judge issued a second MJRR, recommending that defendants' motion be granted. (Doc. 69). Again, neither counsel for defendants nor the magistrate judge addressed plaintiff's Eight Amendment claim against Watson. In a footnote, the magistrate judge noted, incorrectly, that if the Court adopts the MJRR, Mamidipaka would be the sole defendant.

- Plaintiff did not timely file objections to the MJRR. Accordingly, the Court adopted the MJRR and granted defendants' motion. The Court also stated, incorrectly, that Mamidipaka was the sole defendant. (Doc. 70). Thereafter, plaintiff filed a motion for reconsideration, (Doc. 73), contending that she did not receive a copy of the MJRR. The Court granted the motion and allowed plaintiff to file any objections by October 27, 2011. (Doc. 74). The Court overruled plaintiff's objections. (Doc. 76).

- Plaintiff appealed. While the case was on appeal, plaintiff moved to dismiss

3

    Mamidipaka.  (Doc. 84).  The magistrate judge granted the motion.  (Doc. 87).  The magistrate judge also issued a scheduling order regarding plaintiff's claim against Watson.  (Doc. 88).

- On June 5, 2012, also while the case was on appeal, Watson filed a motion for summary judgment on plaintiff's Eighth Amendment claim.  (Doc. 91).  Plaintiff filed a response on June 27, 2012.  (Doc. 94).

- On June 27, 2012, the Court of Appeals for the Sixth Circuit dismissed plaintiff's appeal for lack of jurisdiction, noting, correctly, that the order was not final because plaintiff's claims against Watson had not been fully resolved.  <u>Otrusina v. Chrysler</u>, 11-2620 (6th Cir. Jun. 27, 2012).

- On January 1, 2013, the magistrate judge issued a third MJRR, recommending that Watson's motion be granted.  (Doc. 98).

### III.  Discussion

#### A.

A district court must conduct a <u>de novo</u> review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1). The district "court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" judge.  <u>Id</u>.  The requirement of <u>de novo</u> review "is a statutory recognition that Article III of the United States Constitution mandates that the judicial power of the United States be vested in judges with life tenure."  <u>United States v. Sami</u>, 754 F.2d 670, 672 (6th Cir. 1985).

A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge.  An "objection" that does nothing more than state a disagreement with a magistrate judge's suggested resolution, or simply summarizes what has been presented before, is not an objection as that term is used in this context.  <u>Howard v. Sec'y of Health and Human Servs.</u>, 932 F.2d 505, 508 (6th Cir. 991) ("It is arguable in

this case that Howard's counsel did not file objections at all.... [I]t is hard to see how a district court reading [the 'objections'] would know what Howard thought the magistrate had done wrong.").

B.

Plaintiff first makes a non-substantive objection, arguing that Watson's summary judgment motion was untimely. To be sure, the status of Watson has been muddled. However, it is now clear that plaintiff's Eighth Amendment claim against Watson was never addressed and adjudicated until Watson filed the instant summary judgment motion. Watson acted appropriately in doing so given the posture of the case. Thus, any argument that the motion is untimely is not well-taken.

Plaintiff also makes a substantive argument, contending that she has made out a viable Eighth Amendment claim against Watson for being deliberately indifferent to her medical needs. Her objections essentially repeat the arguments considered and rejected by the magistrate judge. As explained in the MJRR, plaintiff has not raised a genuine issue of material fact as to whether Watson, or any previously dismissed defendant, was deliberately indifferent in connection with the confiscation of her property. Moreover, as Watson argued, she is entitled to qualified immunity. As Watson stated in her summary judgment motion:

> RUM Watson, while acting in her capacity as a hearing officer, acted reasonably and did not violate Plaintiff's clearly established rights because her decision that the confiscated property was excess property was consistent with the Prisoner Personal Property Policy Directive 04.07.112. (See Exhibit B; Prisoner Personal Property Policy Directive). Plaintiff had no right to the confiscated property since the property was not included in Plaintiff's medical detail or SAN that were in effect at the time of the September 11, 2008 administrative hearing. (See Exhibit A, attachment 2 and 3 and Exhibit B). Therefore, RUM Watson is entitled to qualified immunity because she acted in her capacity as a hearing officer and did

not violate Plaintiff's clearly established constitutional rights.

IV.  Conclusion

For the reasons stated above, plaintiff's objections are OVERRULED, the MJRR is ADOPTED, Watson's motion for summary judgment is GRANTED.  This case is DISMISSED.

SO ORDERED.

       S/Avern Cohn
      AVERN COHN
      UNITED STATES DISTRICT JUDGE

Dated:  February 1, 2013

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, February 1, 2013, by electronic and/or ordinary mail.

       S/Sakne Chami
      Case Manager, (313) 234-5160